UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JANET D., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 2:18-cv-00426-MJD-JMS |
| | ) |
| ANDREW M. SAUL, | ) |
| Commissioner of the Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

**ENTRY ON JUDICIAL REVIEW**

Claimant requests judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"). *See* 42 U.S.C. §§ 416(i), 423(d), 1382c(a)(3)(A). For the reasons set forth below, the Commissioner's decision is **REVERSED AND REMANDED**.

**I. Background**

Claimant filed an application for DIB on April 23, 2015. [Dkt. 10-2 at 18.] Soon thereafter, on May 14, 2015, Claimant also filed an application for SSI. [*Id*.] In both applications, Claimant alleged an onset disability date of January 10, 2015. [*Id*.] Claimant alleges disability due to mild lumbar degenerative disease, disc herniation with radiculopathy, mild cervical degenerative disc disease, and fibromyalgia.[1] [*Id*. at 21.] Claimant's application

---

[1] Claimant and the Commissioner recited the relevant factual and medical background in more detail in their opening briefs. [*See* Dkt. 15 and Dkt. 16.] Because these facts involve Claimant's confidential and otherwise sensitive medical information, the Court will incorporate by reference the factual background in the parties' briefs but will articulate specific facts as needed below.

was initially denied on July 28, 2015, and denied again on November 23, 2015, upon reconsideration. [*Id*. at 18.] Claimant timely filed a written request for a hearing, which was held on May 24, 2017, before Administrative Law Judge Michael S. Worrall ("ALJ"). [*Id*.] The ALJ issued a decision on September 28, 2017, again denying Claimant's applications for SSI. [*Id.* at 15.] On July 17, 2018, the Appeals Council denied Claimant's request for review, making the ALJ's decision the final decision for the purposes of judicial review. [*Id*. at 4.] Claimant timely filed her Complaint with this Court on September 19, 2018, which Complaint is now before the Court. [*See* Dkt. 1.]

## II. Legal Standard

To be eligible for DIB or SSI, a claimant must have a disability pursuant to 42 U.S.C. § 423. Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

To determine whether a claimant is disabled, the Commissioner, as represented by the ALJ, employs a five-step sequential analysis: (1) if the claimant is engaged in substantial gainful activity, he is not disabled; (2) if the claimant does not have a "severe" impairment, one that significantly limits his ability to perform basic work activities, he is not disabled; (3) if the claimant's impairment or combination of impairments meets or medically equals any impairment appearing in the Listing of Impairments, 20 C.F.R. pt. 404, subpart P, App. 1, the claimant is disabled; (4) if the claimant is not found to be disabled at step three and she is able to perform her past relevant work, she is not disabled; and (5) if the claimant is not found to be disabled at step three and cannot perform her past relevant work but she can perform certain other available

2

work, she is not disabled. 20 C.F.R. § 404.1520 (2012).[2] Before continuing to step four, the ALJ must assess the claimant's residual functional capacity ("RFC"), by evaluating "all limitations that arise from medically determinable impairments, even those that were not severe." *Villano v. Astrue,* 556 F.3d 558, 563 (7th Cir. 2009).

The ALJ's findings of fact are conclusive and must be upheld by this Court "so long as substantial evidence supports them and no error of law occurred." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2007). This Court may not reweigh the evidence or substitute its judgement for that of the ALJ but may only determine whether substantial evidence supports the ALJ's conclusion. *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008) (citing *Schmidt v. Apfel*, 201 F.3d 970, 972 (7th Cir. 2000)); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). When an applicant appeals an adverse benefits decision, this Court's role is limited to ensuring that the ALJ applied the correct legal standards and that substantial evidence exists for the ALJ's decision. *Barnett v. Barnhart,* 381 F.3d 664, 668 (7th Cir. 2004). For the purpose of judicial review, "[s]ubstantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Because the ALJ "is in the best position to determine the credibility of witnesses," *Craft v. Astrue,* 539 F.3d 668, 678 (7th Cir. 2008), this Court must accord the ALJ's credibility determination "considerable deference," overturning it only if it is "patently wrong." *Prochsaka v. Barnhart,* 454 F.3d 731, 738 (7th Cir. 2006). While the ALJ must base his decision on all of the relevant evidence, *Herron v. Shalala,* 19 F.3d 329, 333 (7th Cir. 1994), and must "provide some glimpse into his reasoning" to "build an accurate and logical

---

[2] In general, the legal standards applied in the determination of disability are the same regardless of whether a claimant seeks DIB or SSI. However, separate, parallel statutes and regulations exist for Disability Insurance Benefits and Supplemental Security Income claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provisions as context dictates. The same applies to citations of statutes and regulations found in quoted court decisions.

bridge from the evidence to his conclusion," he need not "address every piece of evidence or testimony." *Dixon,* 270 F.3d at 1176.

### III. The ALJ's Decision

The ALJ first determined that Claimant has not engaged in substantial gainful activity since January 10, 2015, the alleged onset date. [Dkt. 10-2 at 20.] At step two, the ALJ determined that Claimant "has the following severe impairments: mild lumbar degenerative disc disease; disc herniation with radiculopathy; mild cervical degenerative disc disease; and fibromyalgia." [*Id*. at 21.] However, at step three, the ALJ found that Claimant "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments . . . ." [*Id*. at 25.] In making this determination, the ALJ considered Listings 1.04 (Disorders of the Spine), 11.14 (Peripheral Neuropathies), 14.09 (Inflammatory Arthritis), as well as SSR 12-2p. [*Id*. at 25-26.]

The ALJ next analyzed Claimant's RFC. He concluded that Claimant had the RFC to perform the following:

> [L]ift and carry 20 pounds occasionally or 10 pounds frequently. [Claimant] can sit 6 hours and stand for 2 hours in an 8-hour workday, with normal breaks. She can push and pull to the extent of her lifting and carrying capacity. [Claimant] can occasionally climb . . . ramps, but never climb stairs, ladders, ropes, or scaffolds. She can occasionally balance or stoop, kneel, crouch, or crawl. [Claimant] should avoid concentrated exposure to wetness, and never work at unprotected heights, around dangerous moving machinery, or the operation of a motor vehicle as part of her job duties.

[*Id*. at 26-27.]

In finding these limitations, the ALJ considered Claimant's "symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence . . . ." [*Id*. at 27.] The ALJ then acknowledged that the evidence presented could reasonably show that Claimant suffers from some of the symptoms she alleges.

4

[*Id*. at 34.] However, the ALJ found that these "allegations are considerably broader and more restricted than established by medical evidence." [*Id*.]

At step four, the ALJ concluded that "[C]laimant is unable to perform any past relevant work." [*Id*. at 35.] Thus, the ALJ proceeded to step five, at which time he received testimony from the vocational expert ("VE") indicating someone with Claimant's age, education, work experience, and RFC would be able to perform sedentary unskilled occupations such as material mover by hand, information clerk, or general production worker. [*Id*. at 36.] Because these jobs exist in significant numbers in the national economy, the ALJ concluded that Claimant was not disabled. [*Id*.]

## IV. Discussion

The central issue in this matter is whether there is substantial evidence to support the ALJ's determination that Claimant is not disabled. Claimant raises two arguments as to why the Court should reverse the decision of the ALJ: (1) the ALJ erred in failing to grant controlling weight to the opinion of a treating physician, and (2) the ALJ erred in failing to account for Claimant's mental impairments as part of the RFC. [Dkt. 15 at 1, 16-17, 20.] Each argument will be addressed, in turn, below.

### A. Treating Physician Opinion

The ALJ did not grant controlling weight to Dr. Rohrer's opinion. [Dkt. 10-2 at 33.] Pursuant to the regulations in effect at the time of Claimant's application, "[a] treating physician's opinion regarding the nature and severity of a medical condition is entitled to controlling weight if supported by the medical findings and consistent with substantial evidence in the record." *Skarbek v. Barnhart*, 390 F.3d 500, 503 (7th Cir. 2004); *see* 20 C.F.R. § 404.1527. "An ALJ thus may discount a treating physician's medical opinion if it . . . is

inconsistent with the opinion of a consulting physician or when the treating physician's opinion is internally inconsistent, as long as he minimally articulates his reasons for . . . rejecting" such. *Schmidt v. Astrue*, 496 F.3d 833, 842 (7th Cir. 2007) (quotation marks omitted). Moreover, "[a]n ALJ must offer good reasons for discounting the opinion of a treating physician." *Scott v. Astrue*, 647 F.3d 734, 739 (7th Cir. 2011) (quotation marks omitted). And "[i]f an ALJ does not give a treating physician's opinion controlling weight, the regulations require the ALJ to consider the length, nature, and extent of the treatment relationship, frequency of examination, the physician's specialty, the types of tests performed, and the consistency and supportability of the physician's opinion." *Id.* at 740.

The Court agrees with Claimant's argument that the ALJ failed to articulate an acceptable rationale for not granting controlling weight to her treating physician's opinion. [Dkt. 15 at 26; Dkt. 18 at 2.] Regarding Dr. Rohrer's opinion, the ALJ stated that "some favorable weight is given to the occasional postural activity and no climbing." [Dkt. 10-2 at 33.] Moreover, the ALJ stated that "this opinion is given substantial favorable weight in terms consistent with the [RFC] of reduced standing, walking and postural activity with some reduced weight to the 10-pound limitation and moderate mental limitations." [*Id.*] As Claimant contends, these statements are insufficient because the ALJ failed to consider Dr. Rohrer's opinion that she cannot sit for more than three hours in an eight-hour day. [*See* Dkt. 10-2 at 15-37; Dkt. 10-16 at 92-93.] Additionally, the ALJ failed to address Dr. Rohrer's opinion that Claimant is unable to bend, squat, reach overhead, and push or pull weight. [*Id.*]

"The ALJ is not required to address every piece of evidence or testimony presented, but must provide a 'logical bridge' between the evidence and his conclusions." *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009). Here, the ALJ does not explain why parts of Dr. Rohrer's

6

opinions, as noted above, were excluded from his decision. [*See* Dkt. 10-2 at 15-37.] Also, in not giving Dr. Rohrer's opinion controlling weight, the ALJ failed to mention the regulatory requirements as set forth above. [*Id.*] Thus, because "an ALJ must 'minimally articulate his reasons for . . . rejecting evidence of disability[,]" there is a gaping hole in the ALJ's analysis and the ALJ did not build the required logical bridge. *Clifford v. Apfel*, 227 F.3d 863, 870 (7th Cir. 2000) (quotation marks omitted); *Larson v. Astrue*, 615 F.3d 744, 750-51 (7th Cir. 2010) (reversing the ALJ's decision because "the ALJ said nothing regarding [the] required checklist of factors."). "The ALJ must sufficiently articulate his assessment of the evidence to assure [the Court] that he considered the important evidence and to enable [the Court] to trace the path of his reasoning." *Hickman v. Apfel*, 187 F.3d 683, 689 (7th Cir. 1999) (quotation marks omitted).

Further, the ALJ relied on Claimant's level of activities as support that her allegations are uncorroborated. [Dkt. 10-2 at 32.] Specifically, the ALJ states that Claimant's "activities did not reveal the presence of limitations inconsistent with the [RFC]." [*Id.*] However, the Seventh Circuit has cautioned that inordinate weight should not be placed on a claimant's ability to complete household tasks. *Mendez v. Barnhart*, 439 F.3d 360, 362 (7th Cir. 2006) (citations omitted). As a result, the Seventh Circuit established that "[t]he pressures, the nature of the work, flexibility in the use of time, and other aspects of the working environment as well, often differ dramatically between home and office or factory or other place of paid work." *Id.*

While the ALJ recognizes that "daily activities are not necessarily consistent with work on a sustained and consistent basis," he states that Claimant's "activities and aspirations seem inconsistent with [her] allegations of . . . extreme limitations . . . ." [Dkt. 10-2 at 32.] However, in this case, the ALJ has not pointed to substantial evidence to conclude that Claimant's level of activity is inconsistent with disability. In fact, Claimant's statements that she enjoyed gardening

7

or wanted to volunteer at an animal shelter, along with other daily activities like cooking, cleaning, shopping, or driving, hardly suggest the sort of exertion required to hold down a paying job. [*Id*. at 31-32.] As the Seventh Circuit noted in *Mendez*, these sorts of activities simply do not apply the same pressures as those present in the workplace, and are thus not inconsistent with disability. Hence, the ALJ must rearticulate his reasons for rejecting evidence of disability.[3]

### B. Mental Impairments

Claimant next argues that the ALJ failed to properly account for her mental impairments in the RFC. [Dkt. 15 at 20.] This argument is also persuasive. Specifically, Claimant asserts that "as long as the ALJ determines [she] has one severe impairment, the ALJ must proceed to the remaining steps of the evaluation process and account for non-severe impairments when assessing [her RFC] . . . and ability to perform past work at Step Four or other work at Step Five. [*Id*. at 21.] Accordingly, SSR 96-8p, which Claimant cites to, states:

> **In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not "severe."** While a "not severe" impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may – when considered with limitations or restrictions due to other impairments – be critical to the outcome of the claim.

SSR 96-8p (S.S.A. July 2, 1996), 1996 WL 374184, at *5. Further, the Seventh Circuit has held that an ALJ must consider a claimant's RFC by evaluating "**all** limitations that arise from medically determinable impairments, even those that are not severe." *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009); *Murphy v. Colvin*, 759 F.3d 811, 820 (7th Cir. 2014) ("An RFC determination must account for all impairments, even those that are not severe in isolation."); *see* 20 C.F.R. § 404.1545(a)(2). Thus, hypotheticals presented to the VE must include **all** limitations

---

[3] The Court notes that the State agency medical consultants, upon whose opinions the ALJ also relied, did not have Claimant's most recent Lumbar Spine MRI, which shows "a moderate central spinal stenosis" and a potential "source of [Claimant's] left S1 or L5 radiculopathy[,]" when evaluating Claimant's RFC. [Dkt. 10-17 at 12.]

found credible by the ALJ so that the expert does not list jobs that are unavailable to the claimant. *Steele v. Barnhart*, 290 F.3d 936, 942 (7th Cir. 2002).

Here, the ALJ did not adequately consider Claimant's mental impairments. Although the ALJ gave "little weight" to the State agency consultants' findings that Claimant's mental impairments cause moderate limitations, he did assess Claimant as having mild limitations in all four areas of mental functioning. [Dkt. 10-2 at 24, 33.] However, the ALJ failed to include **any** mental limitations stemming from such in the RFC assessment or hypothetical questions presented to the VE, even though all medical sources opined that Claimant had some sort of mental limitations. [*See* Dkt. 10-2 at 15-37.] Thus, on remand, the ALJ shall reevaluate his determination regarding the effect of Claimant's mental impairments on her RFC.

## V. Conclusion

For the reasons set forth above, the Commissioner's decision is **REVERSED AND REMANDED** for further proceedings.

SO ORDERED.

Dated: 10 JUL 2019

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana


Distribution:

Service will be made electronically
on all ECF-registered counsel of record
via email generated by the Court's ECF system.

9